IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00109-CMA-MEH

ASSOCIATIONVOICE, INC.,

    Plaintiff,

v.

ATHOMENET, INC.,
JEFFREY T. SANDERS,
SUSAN D. SANDERS, and
IMARI ADAMS,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are the Motion for Entry of Protective Order Proposed by AssociationVoice [filed March 17, 2010; docket #55] and Defendants AtHomeNet, Inc., Jeffrey T. Sanders, and Susan D. Sanders's [sic] Motion for Protective Order [filed March 19, 2010; docket #59]. The motions are referred to this Court for disposition. (Dockets #57, 61.) By agreement of the parties, the Court decides the matter without reviewing a response or reply from either side. (*See* docket #67.) For the reasons stated below, the Court **DENIES** the Motion for Entry of Protective Order Proposed by AssociationVoice [docket #55] and **GRANTS** Defendants AtHomeNet, Inc., Jeffrey T. Sanders, and Susan D. Sanders's [sic] Motion for Protective Order [docket #59].

**I.    Background**

Plaintiff is in the business of Web-based software for homeowners associations and management companies. (Docket #1 at 1.) Plaintiff brings nine claims against Defendants, alleging misappropriation of Plaintiff's intellectual property related to the Web-based software. (*See* docket

#1.) Plaintiff filed a motion for preliminary injunction, presently pending before the District Court, seeking to prohibit Defendants "from using in any way any of the software features they have stolen through the fraudulent scheme described in plaintiff's Complaint." (Docket #2 at 1.)

This Court held a hearing on Plaintiff's Motion for Limited Expedited Discovery in Support of Motion for Preliminary Injunction on February 23, 2010, at which the Court held a Scheduling Conference. (Docket #37.) At the instruction of the Court, the parties filed a proposed Scheduling Order. (Docket #44.) With the proposed Scheduling Order, the parties included three exhibits: a services agreement (docket #44-2), Plaintiff's proposed Confidentiality Order (docket #44-3), and Defendant AtHomeNet's proposed Stipulated Protective Order (docket #44-4.) The parties now move the Court to enter one of the proposed protective orders. (Docket #64.)

Plaintiff and Defendants represent that the parties agree to enter a protective order in this matter, as the claims "involve proprietary and confidential information," but disagree as to the form of the protective order. Plaintiff believes a "single tier" order is preferable, in that "all documents identified as confidential would be treated identically." (Docket #55 at 1.) Plaintiff asserts that a "two tier" order as proposed by Defendants would substantially interfere with Plaintiff's ability to litigate its claims. (*Id*. at 2.) Plaintiff argues that protective orders including an "attorney's eyes only" designation should be reserved for only "the most extreme circumstances." (*Id*.) Plaintiff represents that the information potentially subject to a protective order in this matter "is technical information relating to the development of the software features at issue," which have been already developed and employed by Plaintiff. (*Id*. at 3, 4.) Plaintiff contends that it should be permitted to use its own in-house resources to review the technical information and not be subject to obtaining outside expert review due to an "attorney's eyes only" designation. (*Id*.)

Defendants AtHomeNet, Inc., Jeffrey T. Sanders, and Susan D. Sanders ("Defendants") claim that "attorney's eyes only" designations are common in lawsuits involving intellectual property, such as the matter at hand. (Docket #59 at 2.) Defendants believe Defendant AtHomeNet, Inc. will ultimately have to disclose certain "server-side code," which "is its product," as well as "records of AtHomeNet's internal, confidential product-development and marketing decisions" and customer identification. (*Id*. at 4, 5.) Defendants argue that disclosure of such materials to Plaintiff, a competitor, would implicate "giving up a huge competitive advantage." (*Id*. at 6.) Moreover, Defendants asserts that providing access to Plaintiff's counsel and outside experts would allow it to pursue this litigation "without unnecessarily jeopardizing AtHomeNet's business." (*Id*. at 7.) Regarding Plaintiff's allegation that an "attorney's eyes only" designation would be cost-prohibitive, Defendants point out that Plaintiff initiated this litigation, has "pursued it with great vigor," and that "independent experts are commonplace in the world of technology litigation." (*Id*.) Defendants rely on this Court's analysis in *BIAX Corp. v. Nvidia Corp.*, Civil Action No. 09-cv-01257-PAB-MEH, 2009 WL 3202367 (D. Colo. Oct. 5, 2009). For the following reasons, the Court agrees with Defendants.

## II.  Analysis

Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders. *Id.*

Upon a showing of good cause and as justice may require "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," a court may, among other

3

things, enter a protective order specifying terms for the disclosure of materials and designating the persons who may access the materials during the discovery process. Fed. R. Civ. P. 26(c)(1) (2009). Blanket protective orders routinely are approved by courts in civil cases, frequently on the stipulated request of the parties. *Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). The agreement of all parties is not required for the entry of a blanket protective order, however, so long as certain conditions are met. *Id.* (citing *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.,* 121 F.R.D. 264, 268 (M.D.N.C. 1988)).

First, a party must make a threshold showing of good cause to believe that discovery will involve confidential or protected information, which may be done on a generalized as opposed to a document-by-document basis. *Id.* Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to invoke the designation only in good faith. *Id.* After receiving documents, the opposing party has the right to contest any documents it believes should not be designated as confidential. *Id.* At this stage, the party seeking the protection has the burden of proof to justify retaining the confidentiality designation. *Id.*

The parties' respective proposed orders meet most of the requirements set forth in *Gillard*, except for articulating a distinct time frame in which to challenge a contentious confidentiality designation. *See* 196 F.R.D. at 388-89 (para. 8). Defendants, though, request a higher level of protection to which Plaintiff objects, namely as described in paragraphs three, four and five of Defendants' proposed order. (*See* docket #59-1 at 2-3.) In determining the proper level of protection, the Court must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from disclosure. *See Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).

Here, Defendants claim that disclosure of certain information without an "attorney's eyes only" protective designation would give Plaintiff, a competitor, a distinct competitive advantage. Plaintiff, on the other hand, represents it has already developed and employed the technological information at issue. Defendants, however, do not seek to protect only their "server-side code," but also request heightened protection of their "confidential product-development and marketing decisions" and customer identification materials. Additionally, Defendants state their primary defense rests on their alleged development of the contentious intellectual property *before* Plaintiff's use of similar technology. (Docket #59 at 5.)

Although parties to litigation are certainly entitled to access discoverable information, Defendants' protective order would not deny Plaintiff access altogether; rather, the individuals who have been primarily active in the litigation - here, outside counsel - would be able to review the documents meeting the heightened standard defined in paragraph four of Defendants' proposed order. (*See* docket #59-1 at 3.) Furthermore, Defendants state that Defendant AtHomeNet, Inc. has voluntarily provided Plaintiff with "complete access to the entirety of its client-side code without the need for initial disclosures or formal discovery." (Docket #59 at 4.) Defendants represent to the Court that "any designation of confidentiality or 'attorneys' eyes only' would have to be made in good faith, and either party could challenge the other's designation." (*Id*. at 2.)

The Court concludes that the balance tips in favor of avoiding unfair business advantage and increased risk of revealing trade secrets. The Court does not agree with Plaintiff's contention that potential use of outside experts will cause undue prejudice, as the use of experts should be foreseeable in light of the technical nature of this intellectual property case. The Court believes that Defendants' proposed protective order is more appropriate in this matter, with a few adjustments. First, Defendants must modify paragraph ten of their proposed order to conform to the example

order in *Gillard*; namely, Defendants must include a discrete time frame in which to challenge a confidentiality designation. *See* 196 F.R.D. at 388-89 (para. 8). Additionally, the Court directs Defendants to include a statement that "any designation of confidentiality or 'attorneys' eyes only' would have to be made in good faith," consistent with their representations in their motion.

Accordingly, the Court **DENIES** the Motion for Entry of Protective Order Proposed by AssociationVoice [filed March 17, 2010; docket #55] and **GRANTS** Defendants AtHomeNet, Inc., Jeffrey T. Sanders, and Susan D. Sanders's [sic] Motion for Protective Order [filed March 19, 2010; docket #59]. The Court directs Defendants to submit their proposed protective order, consistent with the terms of this order and the representations in their briefing, in useable format (.doc or .wpd) to *hegarty_chambers@cod.uscourts.gov* on or before Thursday, **April 1, 2010**.

Dated at Denver, Colorado, this 29th day of March, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge