IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00109-CMA-MEH

ASSOCIATIONVOICE, Inc., a Colorado corporation,

      Plaintiff,

vs.

ATHOMENET, INC., a Georgia corporation,
JEFFREY T. SANDERS, an individual,
SUSAN D. SANDERS, an individual, and
IMARI ADAMS, an individual,

      Defendants.

---

## PROTECTIVE ORDER

---

The Court enters the following protective order, with modifications consistent with the terms discussed in its Order issued March 29, 2010 [docket #68]:

**1.  Authorized Designation Under Protective Order**

Each party and non-party producing information, including any document, thing, testimony or other data (collectively, "**Information**"), in this litigation may designate same as either "Protected Information" (hereinafter, "**Protected Information**") or "Protected Information – Attorneys Only" (hereinafter, "**Protected Information – Attorneys Only**") to the extent that the providing party asserts the Information falls within the scope of those terms, as defined below. (Protected Information or Protected Information – Attorneys Only may be referred to, individually or collectively, as "**Designated Information**"). Non-parties producing Information in this litigation may designate same under the provisions of this Order and shall be entitled to all the protections afforded hereunder as if they were parties.

**2. Protected Information**

Information may be designated Protected Information, and shall be treated as such under this Order, if the disclosing party or the non-party producing information reasonably and in good faith believes its disclosure to the public or to competitors would (i) work an injury, or create a substantial risk of injury to competitive interests and interests in protecting trade secrets or commercial information or (ii) invoke questions of personal privacy.

**3. Access to Protected Information**

Unless otherwise ordered by the Court or permitted in writing by the designating party, Protected Information may be disclosed only to persons in the following categories:

a. counsel of record for the parties, including necessary secretarial, clerical and paralegal personnel employed by and directly assisting such counsel;

b. court reporters, videographers, and such other qualified persons otherwise unconnected to any party but who are involved taking testimony, copying documents, and the like;

c. independent outside experts or consultants qualified under the provisions of Section 9 ("**Experts/Consultants**") for the purposes of this litigation who sign an Undertaking prior to any disclosure of Designated Information in the form of Exhibit A hereto (each, an "**Undertaking**");

d. Plaintiff, Defendants, and the officers and employees of corporate Plaintiff and Defendant who have a reasonable need to know the Protected Information in order to testify, or to participate in litigation decisions on behalf of such respective corporate parties (which officers and employees shall be referred to as "**Officers/Employees**"), and who must sign an Undertaking prior to any disclosure of Designated Information; and

  e. the Court and necessary Court personnel.

**4. Protected Information – Attorneys Only**

Information may be designated Protected Information – Attorneys Only, and shall be treated as such under this Order, if the disclosing party or the non-party producing information reasonably believes (i) it is of a particularly sensitive business or technical nature that would provide a significant advantage to competitors or potential competitors or (ii) its disclosure to another party or any of its employees would result in a genuine risk of competitive injury.

**5. Access to Protected Information – Attorneys Only**

Unless otherwise ordered by the Court or permitted in writing by the designating party, Protected Information – Attorneys Only may be disclosed only to the persons identified in Section 3, but *not* including those persons or entities described in Section 3(d).

**6. Scope of Protection**

The recipient of any Designated Information shall not disclose it to and shall protect it from being obtained by, any other person or entity, except as expressly permitted in this Order. Any information copied or extracted from any Designated Information, including copies, excerpts, summaries and compilations thereof, shall have the same confidentiality designation as the source Designated Information and be given the same protections applicable to the source information under this Order.

**7. Public Information**

Information may *not* be designated as Protected Information or Protected Information – Attorneys Only, even if marked as such by the producing party, if (i) at the time of, or prior to disclosure thereof, such Information was known to or was independently developed by the party to whom it is disclosed or is a matter of common public knowledge, (ii) after disclosure, the

Information is revealed to the public by a person on behalf of the disclosing Party having the unrestricted right to do so, or (iii) the Information is, or has been, acquired by the party to whom it is disclosed from a third party who lawfully possesses it and owes no duty of non-disclosure to the party providing the Information.

A party relying on this Section 7 shall have the burden of establishing its applicability, notwithstanding the procedure for challenging designations set forth in Section 10, any Designated Information shall be afforded all relevant protections under this Order unless and until its designation has been changed by the designating party or by court order following a motion to change such designation. The same meet-and-confer duties generally applicable to discovery motions apply to anyone bringing a motion to change a designation of any Information under this Order.

**8.     Undertakings**

Subject to the other provisions of this Order, no person or entity described in Section 3(c) or 3(d) shall obtain access to Designated Information until and unless they have executed an Undertaking and a copy of same has been delivered to the disclosing party. A copy of each Undertaking signed by each party, its Experts/Consultants, or its Officers/Employees shall be promptly provided to the other party before disclosure of Designated Information to the persons signing such Undertaking, and originals thereof shall be delivered to counsel for the party entitled to receive such copies.

**9.     Experts/Consultants**

Before disclosing any Designated Information to any Expert/Consultant, a party wishing to disclose same shall first serve on the designating party a written notice of such proposed disclosure, including sufficient information regarding the proposed Designated Information to be

disclosed and about the identity of the Expert/Consultant so that the designating party may evaluate the proposed disclosure. Any designating party asked to provide Designated Information may object to a proposed disclosure thereof by serving a written objection to the party seeking such disclosure within ten (10) days of receipt of the notice of proposed disclosure. If no objection is timely served, the objection is waived and the Expert/Consultant shall be deemed qualified to receive such Designated Information subject to the other provisions hereof. If an objection is timely served and the parties are not able to reach an agreement after meeting and conferring on the dispute, the party proposing disclosure may move the Court for an order allowing disclosure of such Designated Information to the Expert/Consultant, in which event such disclosure shall *not* be permitted until the Court rules or the parties agree that such disclosure may be made.

## 10. Challenging Designations

Designated Information under this Order shall be deemed to be properly designated unless the parties later agree otherwise or the Court rules that it is not. A party may object to the designation of particular information pursuant to this Protective Order by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential or attorneys only to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential or attorney's eyes only under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the

prescribed time, the disputed information shall lose its designation as confidential or attorneys only and shall not thereafter be treated as confidential or attorneys only in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential or attorneys only shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential or attorneys only and that the information in question is within the scope of protection contemplated by Fed. R. Civ. P. 26 and this Protective Order. The same duties to meet and to confer generally applicable to discovery motions apply to anyone bringing a motion to change or remove a designation pursuant to this Order.

**11.     Court Filings**

Parties wishing any document containing Designated Information (including excerpts therefrom) to be filed as part of the record in this matter must first present a consent order/motion to the Court to have such document filed under seal. The Clerk of the Court is not authorized to accept for filing any document designated as "sealed" without first having an order from the Court specifically approving that specific document to be filed under seal.

When Designated Information is contained within any filing with the Court, the party offering it must file same in a sealed envelope bearing the case caption, the title of the document, and the notation: "ATTORNEYS ONLY/FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" or "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." Filings so labeled shall not be made available to the public by the clerk. Failure to properly label Designated Information pursuant to this Section 11 does not waive the protections of this Order, and at any time a party may move the Court to place filings or filed documents under seal pursuant to this Section 11. Before offering or otherwise causing Designated Information to

become evidence at trial, the party wishing to use same shall seek the aid of the Court in formulating a reasonable procedure for preventing its disclosure to persons not authorized hereunder to receive same.

**12.     Procedure for Deposition Testimony**

Counsel for any party may exclude from the room during a deposition, hearing, or other proceeding, any person (other than the witness who is testifying) who is not entitled under this Order to receive any Designated Information that may be disclosed during such proceeding.

When any Designated Information is contained in deposition testimony or in exhibits attached to a deposition, counsel shall make arrangements with the court reporter to bind such confidential transcripts and separately label them "[designating party's name], SUBJECT TO PROTECTIVE ORDER" or "[designating party's name], ATTORNEYS ONLY INFORMATION – SUBJECT TO PROTECTIVE ORDER."

All or any portion of testimony containing Designated Information may be designated as such (i) prior to or during the proceeding in which the testimony is elicited, on the record, (ii) by other agreement of counsel, or (ii) at any time within twenty (20) days after receipt of the transcription of such testimony by the designating party.  Unless otherwise agreed to by the parties, any deposition transcript will be treated as Protected Information – Attorneys Only in its entirety until twenty (20) days after receipt of the transcription of such testimony by the party providing the witness or, in the case of non-party-provided witnesses, the party wishing to designate portions thereof as its Designated Information.  If any party fails to designate a portion of a deposition transcript as Designated Information at the deposition or within twenty (20) days after its receipt of the transcription of such testimony, that portion of the transcription not

designated shall, twenty (20) days after such receipt of the transcription, *not* be treated as Designated Information.

**13.     Designated Material Subpoenaed or Ordered Produced**

If any party receives a subpoena or order that would compel any disclosure that would be otherwise prohibited by this Order, the receiving party must notify the designating party, in writing (by fax or email if possible), promptly and in no event more than two (2) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.

A party receiving such a subpoena or order must also promptly inform, in writing, the person or entity (if any) who caused the subpoena or order to issue, that material covered by the subpoena or order is the subject of this Order.  In addition, the party receiving the subpoena or order must provide a copy of this Order promptly to the person or entity (if any) that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert interested persons or entities to the existence of this Order and to afford the designating party an opportunity try to protect any interest it may have in the court or other entity from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection of its Designated Information in that court – and nothing in these provisions should be construed as authorizing or encouraging a party to disobey a lawful directive from another court or entity.

**14.     Inadvertent Disclosure of Privileged Material**

If any party contends that it has inadvertently produced material that it alleges is protected by the attorney/client privilege, the work product doctrine, and/or any other privilege, that party shall promptly, after discovery of such inadvertent production, notify the other party of

such inadvertent production. Immediately upon notification, and in no event later than three (3) business days after receiving notice, the party that received the allegedly privileged materials shall return and/or destroy all the materials identified in the notice – and all copies and other memorializations of any information contained in the disclosed materials – and shall certify in writing that it has done so. In so doing, the receiving party shall not waive or prejudice any challenge it may have to the alleged privileged status to the materials. The requirement that a party return and/or destroy all inadvertently produced information or documents under this Section 14 shall, however, be adhered to regardless of any dispute regarding the designation of such material and a party may not retain any copies of such material under any circumstances. If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve a dispute they have concerning allegedly privileged material, the party receiving such material may file a motion to compel production.

**15.    Unauthorized Disclosure of Designated Information**

If a party, by inadvertence or accident, disclosed Designated Information to any person or entity in any circumstances not authorized under this Order, that party shall immediately (i) notify, in writing, the designating party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Designated Information so disclosed and to prevent any further unauthorized disclosure, (ii) inform the person to whom unauthorized disclosure was made that the Designated Information is confidential and secure the agreement of the recipient(s) to destroy all copies of same and not to further use or disseminate it in any form, and (iv) obtain a signed Undertaking from such person. A party's compliance with this Section 15 shall not excuse its liability for violating this Order.

**16.     Use of Material Covered by Protective Order**

Designated Information, any information obtained therefrom, and any testimony incorporating the same, shall be used only for the above-captioned litigation and for no other purpose, *AssociationVoice, Inc. vs. AtHomeNet, Inc., Jeffrey T. Sanders, Susan D. Sanders and Imari Adams,* Civil Action No. 1:10-cv-00109-CMA, in the United States District Court for the District of Colorado. Designated Information will not be used by any recipient thereof (i) in or for any other cases, proceedings, disputes, (ii) for any purpose other than this litigation, and (iii) for any commercial, business, competitive, or any other purpose whatsoever.

**17.     Remedies**

a.     If there is a threatened violation of this Order, the non-violating party is entitled to immediate relief in the form of a temporary restraining order, preliminary injunction or final injunction, without bond, enjoining such violations, plus an award of costs and attorneys' fees.

b.     The Court retains jurisdiction of all matters arising under or relating to this Order and may find any person who knowingly violates this Order to be in contempt.

c.     The prevailing party in any proceeding regarding a violation of this Order, an alleged violation of this Order, or the enforcement of its terms, in addition to any damages, shall be entitled to recover its attorneys' fees and expenses of litigation in connection therewith.

d.     The Court retains jurisdiction over the parties and persons signing an Undertaking to resolve disputes arising from this Order, and such persons agree they remain subject to the jurisdiction of this Court.

**18.     Termination of Litigation**

Unless otherwise ordered by the Court or agreed in writing by the designating party, within thirty (30) days of the final termination of this litigation, each party and all persons

signing an Undertaking shall destroy or return to the designating party, (even if disclosed by a non-party), all the designating party's Designated Information, including all copies of same which may have been made (including copies in the hands of attorneys, consultants and witnesses) and memorializations, but not including pleadings. Counsel may retain intact any pleading that includes or references Designated Information under this Order and shall continue to preserve its confidentiality. This Order shall continue to be binding and its provisions shall survive the conclusion of this litigation. A party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modification of this Order or its application to any particular item of Designated Information.

**19.    Miscellaneous**

Nothing in this Order abridges the right of any person to seek modification of this Order by the Court in the future. Furthermore, by stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any materials covered by this Order.

Dated at Denver, Colorado, this 1st day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

EXHIBIT A TO PROTECTIVE ORDER

**UNDERTAKING**

I, the undersigned, having read and understood the Protective Order entered in *AssociationVoice, Inc. vs. AtHomeNet, Inc., Jeffrey T. Sanders, Susan D. Sanders and Imari Adams,* Civil Action No. 1:10-cv-00109-CMA, in the United States District Court for the District of Colorado, agrees to be bound by all the terms and conditions of such Order, including without limitation, the obligations: (i) not to disclose any information protected by the Order to any person not authorized to receive it, and (ii) not to use any information protected by the Order for any purpose other than the above-mentioned litigation. Further, I irrevocably consent to the jurisdiction of the United States District Court for the District of Colorado for enforcement of the Order, and I understand that I may be subject to contempt, economic liability, and other sanctions for failing to obey such Order.

Date: _____

Signed: _____
Print Name:

Telephone : _____

        Address: _____
              _____
              _____