**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00109-CMA-MEH

ASSOCIATION VOICE, INC., a Colorado corporation,

    Plaintiff,

v.

ATHOMENET, INC., a Georgia corporation,
JEFFREY T. SANDERS, an individual,
SUSAN D. SANDERS, an individual, and
IMARI ADAMS, an individual,

    Defendants.

---

**ORDER ON MOTION TO STRIKE**

---

The matter is before the Court on the Motion to Strike Plaintiff's Renewed Motion for Preliminary Injunction (Doc. # 110) and the Notice of Filing Under Seal Materials in Support of Their Response to Plaintiff's Motion for Preliminary Injunction (Doc. # 119), filed by Defendants AtHomeNet, Inc., Jeffrey T. Sanders, and Susan D. Sanders.

For the following reasons, the Court GRANTS Defendants' Motion to Strike and *sua sponte* STRIKES Defendants' Notice, including its sealed attachments.

## I.  DISCUSSION

**A.   DEFENDANTS' NOTICE OF FILING UNDER SEAL MATERIALS IN SUPPORT OF THEIR RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. # 119)**

On June 21, 2010, the Court issued an Order denying without prejudice Plaintiff's original motion for a preliminary injunction for Plaintiff's failure to comply with the Court's

Practice Standards. (Doc. # 98.) In so doing, the Court instructed Plaintiff on how to refile its motion, including how to file under seal seven paragraphs in its Evidentiary Appendix and Exhibit C to its Evidentiary Appendix:

> If Plaintiff chooses to refile its motion for preliminary injunction, any documents filed in connection with it shall be limited to only the essential excerpts necessary to resolution of the issues involved. If Plaintiff chooses to refile its Evidentiary Appendix and Exhibit C to its Evidentiary Appendix, it shall (a) file redacted versions of those documents, omitting the at-issue paragraphs, and (b) file those paragraphs in a separate document with a cover pleading which advises the Clerk of the Court that the document can be filed under seal in accordance with this Order.

(Doc. # 98 at 2-3.) Pursuant to that Order, on June 30, 2010, Plaintiff filed those seven paragraphs under seal. (Doc. ## 106, 107.)

On July 28, 2010, Defendants' AtHomenet, Inc., and Jeffrey and Susan Sanders filed a "Notice of Filing Under Seal Materials in Support of Their Response to Plaintiff's Motion for Preliminary Injunction." (Doc. # 119.) Along with this Notice they filed three attachments under seal. (Doc. ## 119-1, 119-2, 119-3.) Defendants state that "Judge Arguello has authorized the parties to file under seal certain materials relating to Plaintiff's motion for preliminary injunction," citing the Court's Orders at Doc ## 98 and 101. Given this presumed authorization, Defendants did not file a motion to seal in connection with these materials. *See* D.C.COLO.LCivR 7.2C.

That presumption, however, was inaccurate. Those two Orders did not authorize **Defendants** to file anything under seal. They authorized **Plaintiff**, if it chose, to file seven paragraphs under seal from Plaintiff's Evidentiary Appendix and Exhibit C to its

2

Evidentiary Appendix. Because Defendants did not act pursuant to Court order, as they represented, the Court will *sua sponte* strike their filings at Doc # 119.

**B.     DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION (DOC. # 110)**

This same trio of Defendants had earlier moved (on July 1, 2010) to strike Plaintiff's Renewed Motion for a Preliminary injunction. (Doc. # 110.) They argue that Plaintiff once again violated the Court's page limits when it filed its Renewed Motion. The Court agrees.

The Court's Civil Practice Standards impose a 15-page limit on briefs. CMA Civ. Practice Standards III.A.1. On June 24, 2010, the Court issued an Order extending that limit in this case to 20 pages. (Doc. # 100.) Plaintiff's renewed motion is 20 pages and thus in compliance with that Order. (Doc. # 109.) However, Plaintiff separately filed, as it did before, a document entitled "Evidentiary Appendix." (Doc # 105.) This appendix is a 36-page factual overview in support of Plaintiff's renewed motion. (*See id.*)

In response to the motion to strike, Plaintiff concedes that its appendix is essentially the facts section of its motion. (Doc. # 116, ¶ 6.) It contends, however, that the Court implicitly allowed it to refile its Evidentiary Appendix in full:

> [Plaintiff] submits that it complied with the Court's June 21, 2010 Order when it refiled its Evidentiary Appendix because that Order — if not expressly, at the very least my necessary implication — authorized [Plaintiff] to refile its Evidentiary Appendix when that Order stated that if [Plaintiff] **chose** to refile its Evidentiary Appendix, the only condition imposed on [Plaintiff's] doing so was that [Plaintiff's] refiled Evidentiary Appendix be appropriately redacted.

(*Id.*, ¶ 10, emphasis in original.)

The Court acknowledges that the relevant portion of its June 21, 2010 Order is less than clear. (*See* Doc. # 98 at 2-3.) Nevertheless, if Plaintiff was confused as to what Plaintiff could and could not file, it should have filed a motion seeking clarification of that Order. Plaintiff is mistaken in asserting that the Court imposed only one condition upon its refiling of its motion and related documents including this appendix.

There are a variety of "conditions" imposed upon parties any time they file a document in this Court. Parties must comply with the Court's Local Rules, the federal rules of procedure, and, of course, this Court's outstanding Orders and Practice Standards. Here, the latter two imposed upon Plaintiff a 20-page limit on its Renewed Motion for Preliminary Injunction. As stated in the Practice Standards, this page limit includes all matters except the certificate of service. CMA Civ. Practice Standards III.A.1. By filing this "appendix" apart from its motion, Plaintiff managed to cut the motion to 20 pages, in theoretical compliance with the Court's limit. But because this "evidentiary appendix" is not, as the name implies, a mere index of the exhibits or of the facts set forth in the brief, but rather, the facts section itself, the Court considers both the appendix and the renewed motion in computing the page limit for the motion. They total 56 pages, far in excess of the 20-page limit. Accordingly, the Court will grant Plaintiff's motion to strike.

## II. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Strike Plaintiff's Renewed Motion for Preliminary Injunction Motion to Strike (Doc. # 110), thus STRIKING Plaintiff's Corrected Renewed Motion for a Preliminary Injunction

(Doc. # 109), including its Evidentiary Appendix (Doc. # 105.) If Plaintiff chooses to file another motion for preliminary injunction, it shall comply with the Court's Civil Practice Standards and its June 24 Order limiting the page length to 20 pages. This includes any factual overview. As before, any exhibits filed in connection with it shall be limited to only the essential excerpts necessary to resolution of the issues involved. Upon receipt of this motion and a response, the Court will determine whether to schedule a hearing on the motion.

In addition, the Court, *sua sponte,* STRIKES Defendants' Notice of Filing Under Seal Materials in Support of Their Response to Plaintiff's Motion for Preliminary Injunction (Doc. # 119), including its three sealed attachments (Doc. ## 119-1, 119-2, 119-3). Defendants are admonished for asserting that the Court had authorized them to file documents under seal when it clearly had not.

DATED: August  5 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge