IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00109-CMA-MEH

ASSOCIATIONVOICE, INC.,

    Plaintiff,

v.

ATHOMENET, INC.,
JEFFREY T. SANDERS,
SUSAN D. SANDERS, and
IMARI ADAMS,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff AssociationVoice's Motion to Reopen Discovery on the Issue of AV's Damages [filed April 21, 2011; docket #192]. The motion is referred to this Court for disposition. (Docket #193.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES** Plaintiff's motion to reopen discovery.

**I.     Background**

Plaintiff and Defendant AtHomeNet, Inc. ("AHN") are in the business of web-based software for homeowners associations and management companies. (Docket #1 at 1; docket #183 at 1.) Plaintiff brings nine claims against Defendants, alleging misappropriation of Plaintiff's intellectual property related to its software applications. (*See* docket #1.) Plaintiff filed a motion for preliminary injunction seeking to prohibit Defendants "from using in any way any of the software

features they have stolen through the fraudulent scheme described in plaintiff's Complaint." (Docket #2 at 1.)

On January 6, 2011, the District Court granted in part and denied in part Plaintiff's motion for a preliminary injunction. (Docket #183.) In sum, the District Court preliminarily enjoined Defendants from accessing portions of Plaintiff's web-based software without Plaintiff's permission and from using information gained through improperly accessing the "Landings East" website. (*Id*. at 30-31.) Regarding irreparable injury, Plaintiff had argued that it would not be practicably able to prove its lost sales resulting from Defendants' alleged conduct. (*Id*. at 24-25.) The District Court agreed with Defendants' position on this issue, that calculable monetary damages would be available to fully compensate Plaintiff if it were to prevail in this lawsuit. (*Id*. at 26-27.) The District Court found that "methodologies exist to approximate the monetary damages necessary to address any competitive advantage Defendants may have gained . . . ." (*Id*. at 26.)

Plaintiff filed the motion at hand nearly four months after the District Court's order, on April 21, 2011. (Docket #192.) Plaintiff requests the reopening of discovery for the sole purpose of evaluating damages. Plaintiff invokes the District Court's order (which concluded contrary to Plaintiff's position) and an expert report proffered by Defendant as grounds for its motion. Plaintiff seeks the following discovery: 1) depositions of Mr. Parr (the expert who determined damages are quantifiable), Defendant AHN's accountants from 2004 through the present, and certain employees of AHN and another company, "TOPS"; and 2) production of AHN's year-end financial statements from 2006 through the present, documentation referring to AHN's competition with Plaintiff and its volume of sales, documentation referring to customers and revenue affiliated with Plaintiff's former clients, and documentation referring to costs incurred by AHN in connection with the

software features also employed by Plaintiff.  Plaintiff contends the six factors governing the reopening of discovery are met in its favor.

Defendants oppose Plaintiff's request.  Defendants assert that Plaintiff decided not to seek damages as a tactical decision, thus Defendants do not want to "bear the consequences" of this strategy.  (Docket #195 at 2.)  Defendants recount that Plaintiff, in initial disclosures and during depositions, stated that it sought monetary damages.  (*Id*. at 3.)  Defendants timely filed a motion for partial summary judgment after the close of discovery, seeking judgment in their favor on Plaintiff's claim for monetary damages.  Defendants aver that none of the six factors weigh in favor of reopening discovery.

In reply, Plaintiff takes issue with Defendants' suggestion that Plaintiff's previous decision to pursue damages discovery was tactical and "part of a scheme to manipulate the court."  (Docket #200 at 2.)  Plaintiff asserts it could have conducted damages discovery without jeopardizing its request for a preliminary injunction.  (*Id*. at 5.)  Plaintiff emphasizes that it did not conduct damages discovery because it did not believe it could quantify those damages, until the District Court's order stating to the contrary and explaining that theories for quantifying damages in this context exist.  (*Id*. at 6.)  Plaintiff reiterates that it seeks "new information, in response to new developments."  (*Id*. at 7.)

The Court, in essence and outcome, agrees with Defendants.  Although the Court declines to delve into the accusations of manipulation, the Court does conclude that Plaintiff's decision to not pursue damages discovery appears to be tactical.  The governing six factors adopted by the Tenth Circuit weigh in favor of denying Plaintiff's request.

**II.     Analysis**

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court . . . ." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). *Smith v. United States* provides the appropriate standard for the adjudication of Plaintiff's motion.  In *Smith*, the Tenth Circuit

> identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

834 F.2d at 169 (citation omitted).

After review of the six factors and the parties' arguments, the Court concludes that factor one is neutral, and factor six weighs in favor of Plaintiff. Trial is scheduled a little over three months away, commencing September 12, 2011. (Docket #191.) Although the requested discovery could feasibly be completed in that time, it would be on a quick schedule, especially considering the parties' contemporaneous trial preparation. Regarding factor six, the relevance of the discovery sought seems apparent and not distinctly at issue. However, the remaining four factors weigh significantly in favor of Defendants' position. The Court addresses the remaining factors as follows.

      A.     <u>Factors Two and Three: Opposition and Prejudice</u>

The request is opposed, and Defendants reasonably assert they would suffer prejudice if discovery were reopened. "There can be no doubt that allowing Plaintiff to take additional discovery requires Defendants to incur additional and unanticipated expenses . . . ." *Quintana v. Edmond*, No. 06-cv-01187-WDM-KLM, 2009 WL 1798219, at *2 (D. Colo. June 23, 2009). The

Court set the discovery cutoff at September 24, 2010. (Docket #37.) Neither side requested an extension of time.

Defendants pursued discovery within the stated time frame and timely filed a motion for partial summary judgment on the very issue of damages in October 2010. (Docket #160.) Defendants cited to Plaintiff's non-production of evidentiary materials in support of its claim for damages as a basis of its request for summary judgment. (Docket #161 at 15-17.) Allowing discovery on damages now, seven months after the discovery cutoff, six months after the motion for partial summary judgment was filed, and three months before trial, would be an injustice to the diligence demonstrated by Defendants. Defendants should not have to spend the money and time implicated by Plaintiff's request after they have complied with the case management schedule. Defendants would be prejudiced by having to adjust their approach to defending this litigation well after the close of discovery and the passing of the dispositive motion deadline. *See, e.g., Martinez v. Target Corp.*, 384 F. App'x 840, 848 (10th Cir. 2010) (defendant would be prejudiced by the reopening of discovery and the re-briefing of summary judgment, due to late disclosure of expert reports); *Butler v. Boeing Co.*, 110 F. App'x 71, 73 (10th Cir. 2004) (unpublished) (affirming trial court's denial of motion to reopen discovery after summary judgment filed and on basis of relevance); *Silverstein v. Fed. Bureau of Prisons*, No. 07-cv-02471-PAB-KMT, 2011 WL 588717, at *2 (D. Colo. Feb. 10, 2011) ("Defendants would be prejudiced if discovery were reopened in light of the fact that their summary judgment motion has already been filed."); *Sloan v. Overton*, No. 08-cv-2571-JAR-DJW, 2010 WL 5476726, at *3 (D. Kan. Dec. 30, 2010) (determining the defendants would be prejudiced by reopening discovery in light of a nearing dispositive motion deadline); *Wing v. Kaye Scholer, LLP*, No. 2:09-CV-371, 2010 WL 5020576, at *3 (D. Utah Dec. 3, 2010) (recognizing that the reopening of discovery would prejudice the defendant, as the "case [was] in

5

the advanced stages of litigation [ ,] the parties are planning for trial . . . [, and] [r]eopening discovery would upend the scheduling order upon which the parties have relied and built their expectations.").

### B.     Factors Four and Five: Diligence and Foreseeability

The Court does not believe Plaintiff was diligent in obtaining foreseeable damages discovery within the guidelines established by the court.  As stated, the Court set the discovery cutoff at September 24, 2010, during the hearing held February 23, 2010, regarding Plaintiff's motion for expedited discovery.  (Docket #37; *see also* docket #3.)  Neither Plaintiff nor Defendants requested an extension of time in which to complete discovery.

The discovery Plaintiff now seeks was certainly foreseeable, by Plaintiff's own admission. Plaintiff concedes it "knew that damages discovery were [sic] a potential issue in this case from its inception."  (Docket #200 at 9.)  In its initial disclosures dated March 8, 2010, nearly seven months before the discovery cutoff, Plaintiff explained that it "seeks damages for copyright infringement, for lost profits, and for the amounts by which AHN has been unjustly enriched through its improper scheme."  (Docket #195-1 at 4.)  Plaintiff then indicated its understanding that "[m]uch of the information needed to quantify this information is only available through AHN."  (*Id*.)  Plaintiff stated it would supplement the initial disclosures "as these damages are quantified."  (*Id*.)

Regarding diligence, the Court finds similarities between this matter and the Tenth Circuit's evaluation in *Been v. O.K. Industries, Inc.*, 495 F.3d 1217 (10th Cir. 2007).  The *Been* plaintiffs moved the trial court for the reopening of discovery after it ruled against them in its adjudication of the defendant's motion for summary judgment.  495 F.3d at 1235.  The trial court denied the motion to reopen discovery, which the Tenth Circuit affirmed.  The Tenth Circuit reasoned that the *Been* plaintiffs had "full knowledge that the District Court would be re-evaluating [the substantive issue],

[and] took no steps to request time for additional discovery . . . ." *Id*.

Here, Plaintiff knew it sought monetary damages from Defendants, and although it chose to take the position that these damages were not quantifiable in its motion for preliminary injunction, the need for discovery in any event was certainly foreseeable, considering Plaintiff's statements recounted above. The discovery cutoff passed during the pendency of the motion for preliminary injunction, and Plaintiff failed to request an extension of time. The Court finds it peculiar that the motion for partial summary judgment filed by Defendants would not have inspired Plaintiff to move for an extension of time in which to complete discovery, albeit out of time. The Court finds it even more troubling that Plaintiff would wait until nearly four months from the District Court's order to make the request it makes now. Similar to the *Been* plaintiffs, Plaintiff in this matter had full knowledge that the dispute regarding quantification of damages was before the District Court, yet it chose to refrain from pursuing a timely adjustment of the case schedule. Like other courts in this district considering the same issue, this Court is "not inclined to condone Plaintiff's self-imposed exigency." *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *7 (D. Colo. Apr. 9, 2010) (citing *Quintana*, 2009 WL 1798219, at *2).

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiff Association Voice's Motion to Reopen Discovery on the Issue of AV's Damages [filed April 21, 2011; docket #192].

Entered and dated at Denver, Colorado, this 9th day of June, 2011.

                                    BY THE COURT:

                                    *Michael E. Hegarty*

                                    Michael E. Hegarty
                                    United States Magistrate Judge